**Julius ROGERS, Plaintiff—Appellee,**

v.

**CLARK COUNTY SCHOOL DISTRICT; Shirley Barber, Susan Braeger; Denise Brodsky; Carlos Garcia; Ruth Johnson; Larry Mason; Sheila Moulton; Marybeth Scow, Defendants,**

and

**Edward Goldman, Defendant— Appellant.**

No. 01–17137.

D.C. No. CV–00–01159–RLH/PAL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2002.*

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

912

Decided Dec. 9, 2002.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM**

Edward Goldman appeals the district court's denial of his motion to dismiss Rogers' civil rights claims. We have interlocutory appellate jurisdiction pursuant to 28 U.S.C. § 1291 to consider the district court's denial of qualified immunity. *Jensen v. City of Oxnard,* 145 F.3d 1078, 1082 (9th Cir.1998). Although the district court treated the motion as a reiteration of the earlier motion to dismiss on Eleventh Amendment immunity grounds, we find that Goldman is not entitled to qualified immunity based on the record before us.[1]

We review the district court's qualified immunity determination de novo. *Jensen,* 145 F.3d at 1082. We assume the truth of all material allegations in the complaint and construe them in the light most favorable to Rogers. *Id.* A dismissal is warranted only if it appears beyond doubt that Rogers can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

Goldman argues that he is entitled to qualified immunity because he did not violate Rogers' clearly established constitutional rights. To find qualified immunity, we first determine whether the alleged facts considered in the light most favorable to Rogers, show that Goldman's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If we find a violation of a constitutional right, we consider whether the right was clearly established. *Id.* A constitutional right is clearly established if it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202, *quoting Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (internal quotations omitted).

Considering the allegations in the light most favorable to Rogers, Rogers alleges that Goldman attempted to have Rogers fired because Rogers is African–American. Rogers has alleged a violation of a constitutional right. Moreover, a reasonable official would have understood in 1999 that racial discrimination with respect to employment contracts violates well established constitutional and statutory rights.

1. We express no opinion on whether Goldman could present or prevail on a renewed claim for qualified immunity once the record is developed more fully.

*Parks Sch. of Bus., Inc., v. Symington,* 51 F.3d 1480, 1487 (9th Cir.1995); *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 625 (9th Cir.1988).

Goldman argues that the court should disregard the race allegation because it is contradicted by the arbitration award attached to the amended complaint. However, the arbitrator did not consider race discrimination in making his decision. Thus, viewing the facts in the light most favorable to Rogers, Goldman cannot establish that he is entitled to qualified immunity on a Rule 12(b)(6) motion to dismiss.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.